1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AUTONOMY, INC.,<br><br>             Plaintiff,<br><br>      vs.<br><br>ADISCOV, LLC, and ALBERT B.<br>KRACHMAN, and individual,<br><br>             Defendants. | Case No:  C 11-00420 SBA<br><br>**ORDER GRANTING<br>DEFENDANTS' MOTION TO<br>DISMISS FOR LACK OF<br>PERSONAL JURISDICTION**<br><br>Dkt. 22 |

Autonomy, Inc. ("Autonomy") filed the instant declaratory judgment action in this Court against Adiscov, LLC, and its sole member, Albert B. Krachman (collectively "Adiscov" unless otherwise noted), seeking a declaration of invalidity, unenforceability and non-infringement of United States Patent No. 6,738,760 ("'760 patent").  The parties are presently before the Court on Adiscov's motion to dismiss for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2), or alternatively, to transfer venue under 28 U.S.C. § 1404(b).  Dkt. 22.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion to dismiss and DENIES the alternative motion to transfer as moot.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

1  **I.      BACKGROUND**

2      **A.      THE PARTIES**

3          Plaintiff Autonomy is a corporation organized under the laws of New Jersey and has

4  California as its principal place of business.  Am. Compl. ¶ 2, Dkt. 16.  Defendant Adiscov,

5  LLC, is a Virginia limited liability company which holds the rights to the '760 patent,

6  entitled Method and System for Providing Electronic Discovery on Computer Databases

7  and Archives Using Artificial Intelligence to Recover Legally Relevant Data.  Id. ¶¶ 1, 3;

8  see also Compl. Ex. A, Dkt. 1.  Mr. Krachman resides in Virginia, and is alleged to be the

9  owner and alter ego of Adiscov, LLC.  Am. Compl. ¶¶ 4-5.

10     **B.      LEGAL PROCEEDINGS**

11         On May 17, 2010, Adiscov commenced a patent infringement lawsuit against

12 Autonomy and two other entities, FTI Consulting, Inc. ("FTI") and Recommind, Inc.

13 ("Recommind"), in the Eastern District of Virginia, Alexandria Division.  See Adiscov,

14 LLC v. Autonomy Corp., No. C 10-00218 RBS (E.D. Vir.); Def.'s Mot. Ex. A, Dkt. 12-1.[1]

15 In its amended complaint filed on May 21, 2010, Adiscov alleged that Autonomy, FTI and

16 Recommind manufactured, used and sold products that infringe the '760 patent.  See C 10-

17 00218 RBS, Dkt. 3 ¶¶ 15-17.  On December 21, 2010, Autonomy, later joined by the other

18 defendants, filed a Rule 12(b)(6) motion to dismiss.  The Virginia district court granted the

19 motion on January 27, 2011, and dismissed the action.  Id., Dkt. 68.  The court did not grant

20 Adiscov leave to amend, but dismissed the claims *without* prejudice.  Id.

21         On January 28, 2011, the day after the Adiscov's Virginia action was dismissed,

22 Autonomy commenced the instant action in *this Court* against Adiscov seeking a

23 declaration of invalidity, unenforceability and non-infringement as to the '760 patent.

24 Dkt. 1.  Autonomy filed an amended complaint on February 10, 2011.  Dkt. 16.

25

26         [1] The Court may properly take judicial notice of the proceedings in the Eastern
District of Virginia.  See Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002)
27 (noting that a district court "'may take notice of proceedings in other courts, both within
and without the federal judicial system, if those proceedings have a direct relation to
28 matters at issue.'").

1    In the meantime, on February 2, 2011, Adiscov filed a second lawsuit in the Eastern

2  District of Virginia, Alexandria Division, against Autonomy, FTI and Recommind.  See

3  Adiscov, LLC v. Autonomy Corp., No. C 11-00116 GBL (E.D. Va.), Dkt. 1.  On March 22,

4  2011, Autonomy filed a Rule 12(b)(6) motion to dismiss.  Id., Dkt. 12, 13.  Instead of ruling

5  on the motion, on April 7, 2011, the district court transferred the action under 28 U.S.C.

6  § 1404(a) to the Norfolk Division of the Eastern District of Virginia.  Id., Dkt. 21.

7        **C.    MOTION BEFORE THE COURT**

8    Now before this Court is Adiscov's motion to dismiss for lack of personal

9  jurisdiction.  Dkt. 22.  In its motion, Adiscov claims that Autonomy lacks the substantial,

10  continuous and systematic contacts necessary for general jurisdiction, and the requisite

11  minimum contacts for specific jurisdiction.  Dkt. 28, 30.  Adiscov alternatively contends

12  that the instant action should be dismissed under the first-to-file rule, which permits a court

13  in a later-filed action to dismiss, transfer or stay the action in the interests of judicial

14  efficiency.  To the extent the Court declines to dismiss the action, Adiscov seeks to have

15  the action transferred to the Eastern District of Virginia for the convenience of the parties

16  and witnesses, pursuant to 28 U.S.C. § 1404(a).

17    Autonomy does not contend that the Court has general jurisdiction over Adiscov, but

18  instead, argues that specific jurisdiction is present based Adiscov allegedly having

19  "systematically targeting Autonomy and other companies in the legal software industry,

20  seeking to license the '760 patent."  Pl.'s Opp'n at 1, 6-7, Dkt. 34.  As to the first-to-file

21  rule, Autonomy points out that there was no action pending in the Eastern District of

22  Virginia when it commenced the instant declaratory judgment action in this Court.  Finally,

23  Automony argues that the relevant convenience factors germane to § 1404(a) transfer

24  analysis weigh in favor of maintaining the action in this forum.  As will be set forth below,

25  the Court finds that Autonomy has failed to carry its burden of demonstrating a prima facie

26

27

28

1  case of specific jurisdiction over Adiscov.  As such, the Court does not reach Adiscov's

2  alternative arguments for dismissal or transfer.[2]

3  ## II.  LEGAL STANDARD

4       District courts have the authority to dismiss an action for lack of personal

5  jurisdiction. Fed. R. Civ. P. 12(b)(2).  Federal Circuit law governs the issue of personal

6  jurisdiction in a patent-related case.  Nuance Commc'ns, Inc. v. Abbyy Software House,

7  626 F.3d 1222, 1231 (Fed. Cir. 2010).  "To survive a motion to dismiss in the absence of

8  jurisdictional discovery, [a plaintiff] need only make a prima facie showing of jurisdiction."

9  Id.  "Without discovery and a record on jurisdiction, this court must resolve all factual

10  disputes in the plaintiff's favor."  Id.  In addition, where the factual allegations are not

11  directly controverted, they are accepted as true for purposes of determining jurisdiction.  Id.

12  ## III.  DISCUSSION

13       "Determining whether personal jurisdiction exists over an out-of-state defendant

14  involves two inquiries:  whether a forum state's long-arm statute permits service of process,

15  and whether the assertion of personal jurisdiction would violate due process."  Inamed

16  Corp. v. Kuzmak, 249 F.3d 1356, 1359 (Fed. Cir. 2001).  "[B]ecause California's long-arm

17  statute is coextensive with the limits of due process, the two inquiries collapse into a single

18  inquiry:  whether jurisdiction comports with due process."  Id. (citing Cal. Code Civ. P.

19  § 410.10).  The exercise of jurisdiction over non-resident defendants violates due process

20  unless those defendants have "minimum contacts" with the forum state so that the exercise

21  of jurisdiction "does not offend traditional notions of fair play and substantial justice."  Int'l

22  Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  The minimum contacts must be such

23

24       [2] Autonomy also contends that the Court should deny Adiscov's motion based on the
   failure of its counsel to meet and confer prior to filing the instant motion, as required by the
25  Standing Orders of this Court.  See Dkt. 15.  The Court does not countenance Adiscov's
   counsel's failure to comply with the Court's meet and confer requirement.  Nonetheless, the
26  Court will proceed with the adjudication of the motion to avoid delay, and since the motion
   has been fully briefed and the issues are ripe for adjudication.  Separately, the Court notes
27  that Adiscov filed a surreply, without first seeking and obtaining leave of Court to do so, in
   violation of Local Rule 7-1(d).  The Court will not consider Adiscov's improper surreply,
28  which is otherwise inapposite to the issues now presented.

1  that a defendant "should reasonably anticipate being haled into court" in the forum state.

2  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

3      "Depending on their nature and number, a defendant's contacts with a forum can

4  provide a court with general jurisdiction or specific jurisdiction." Synthes (U.S.A.) v. G.M.

5  Dos Reis Jr. Ind. Com de Equip. Medico, 563 F.3d 1285, 1297 (Fed. Cir. 2009).  General

6  jurisdiction exists when a defendant maintains "continuous and systematic" contacts with

7  the forum state even if the cause of action has no relation to those contacts.  Helicopteros

8  Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984).  Where a defendant is not

9  subject to general jurisdiction in the forum state, a district court may nonetheless exercise

10  specific jurisdiction over the defendant if the cause of action "arises out of" or "relates to"

11  the defendant's in-state activity.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73

12  (1985).  "In order to satisfy due process requirements for establishing specific jurisdiction

13  over a defendant, the plaintiff must show that the defendant purposely directed its activities

14  at residents of the forum and that the plaintiff's claim arises from or relates to those

15  activities.  In addition, the plaintiff must satisfy the court that the assertion of personal

16  jurisdiction under the circumstances is reasonable and fair." Radio Sys. Corp. v.

17  Accession, Inc., 638 F.3d 785, 789 (Fed. Cir. 2011).

18      "Because declaratory judgment actions raise non-infringement, invalidity, and/or

19  unenforceability issues central to enforcement of the patents in question, [the Federal

20  Circuit has] looked beyond the 'arises out of' inquiry and have found jurisdiction where

21  such 'other activities' in some identifiable way 'relate to' enforcement of those patents in

22  the forum." Avocent Huntsville Corp. v. Aten Int'l Co., Ltd. 552 F.3d 1324, 1333 (Fed.

23  Cir. 2008).  Under this standard, the act of threatening a party with an infringement lawsuit

24  is, standing alone, insufficient to establish personal jurisdiction.  Id.  Rather, the plaintiff

25  must show that the patentee engaged in "'other activities' that relate to the enforcement or

26  the defense of the validity of the relevant patents[.]" Id.  The "other activities" identified in

27  Avocent include "initiating judicial or extra-judicial patent enforcement *within the forum*,

28  or entering into an *exclusive* license agreement or other undertaking which imposes

enforcement obligations with a party residing or regularly doing business in the forum." <u>Id.</u> (emphasis added).

Though Autonomy does not allege that the Court has general jurisdiction over Adiscov, it avers that the Court has specific jurisdiction based on Adiscov's conduct in directing its patent enforcement activities at Autonomy in California, as well as other companies which are based in or that do business in California.  However, the actions cited by Automony are far too attenuated to support a showing of personal jurisdiction.  The only specific activity relating to the '760 patent and Automony supported by the record is a meeting held at the office of Autonomy's counsel in Palo Alto, California, on November 3, 2010, to discuss the potential settlement of Adiscov's infringement claims, and Adiscov's subsequent lawsuit against Autonomy in Virginia.  <u>See</u> Am. Compl. ¶ 9; Pl.'s Opp'n at 7. Federal Circuit precedent is clear, however, that discrete acts of threatening legal action are insufficient to show specific jurisdiction.  <u>See</u> <u>Avocent</u>, 552 F.3d at 1333 (noting that for "policy considerations unique to the patent context ... letters threatening suit for patent infringement sent to the alleged infringer by themselves do not suffice to create personal jurisdiction.") (internal citations omitted); <u>Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.</u>, 148 F.3d 1355, 1361 (Fed. Cir. 1998) ("A patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement.").

Automony contends that Adiscov's contacts with the forum extend beyond its meeting in Palo Alto, and that the Court also should take into account Adiscov's efforts to enforce the '760 patent against companies with headquarters in San Francisco, such as Autonomy and Recommind.  Pl.'s Opp'n at 6-7.  Though not entirely clear from its papers, Automony appears to be referring to the lawsuit originally brought by Adiscov against Autonomy and others in the Eastern District of Virginia.  Though acknowledged by neither party, this Court has previously found that patent litigation commenced outside the forum is not probative of purposeful availment.  In <u>Juniper Networks, Inc. v. SSL Servs., LLC</u>, No. C 08-5758 SBA, 2009 WL 3837266 (N.D. Cal. Nov. 16, 2009), <u>aff'd</u>, 2010 WL 5140471

(Fed. Cir. Dec. 13, 2010) (unpublished), the Court rejected plaintiff's contention the

patentee's patent infringement lawsuit against filed in a Texas federal court constituted

enforcement activity within the forum.  The Court explained:

> Here, the enforcement activity involving the Citrix
> entities transpired in Texas, not California. Tellingly, Juniper
> cites no authority to support its novel argument that the act of
> filing a lawsuit against an alleged California resident—in a
> Texas district court—is sufficient to make a prima facie
> showing that it has purposefully availed "itself of the privilege
> of conducting activities within the forum State, thus invoking
> the benefits and protections of its laws." Avocent, 552 F.3d at
> 1329 (internal quotation and citation omitted).  Nor does such
> an argument make any logical sense. Under Juniper's theory of
> personal jurisdiction, a defendant would automatically be
> subject to personal jurisdiction in a forum where it previously
> sued an entity that happened to conduct business in that
> particular state, even where the lawsuit was filed in an entirely
> different state.

Id. at *4.  Thus, for the same reasons expressed in Juniper Networks, the Court finds that

the fact that Adiscov sued Autonomy and Recommind *in Virginia* does not show

enforcement activity within this forum.[3]

Next, Autonomy attempts to make much of the fact that Adiscov issued a patent

license to Kroll Ontrack, Inc., ("Kroll"), "a competitor of Autonomy … that competes with

Autonomy for business in California from its offices in California."  Pl.'s Opp'n at 6-8.

However, such allegations, even if true, are of marginal relevance to the issue of personal

jurisdiction.  As noted, the salient question is presented is whether Adiscov purposefully

directed its activities at "residents of the forum."  Inamed, 249 F.3d at 1359.  Kroll is not a

resident of California; rather, it is incorporated and headquartered in Minnesota.  Reply Ex.

A, Dkt. 39.  Moreover, Autonomy cites no authority for the proposition that issuing a *non-*

*exclusive* license to any competitor of the plaintiff constitutes enforcement activity in the

---

[3] As an ancillary matter, Autonomy also contends that Adiscov's "purposeful
contacts" are shown by "foreclosing competition through the assertion of sham patent
litigation" based on the '760 patent, allegedly to the detriment of California consumers.
Pl.'s Opp'n at 7.  Though again not entirely clear from its papers, Autonomy again appears
to be making reference to the lawsuit initiated by Adiscov against Autonomy, Recommind
and Stolz in the Eastern District of Virginia.  However, as discussed above, the patentee's
filing a lawsuit against a resident of the forum in another state is insufficient to establish
personal jurisdiction over patentee.

forum.  If that were the case, a patentee would be subject to personal jurisdiction in any state where that licensee has a physical presence.  See Red Wing Shoe, 148 F.3d at 1361 (holding that the fact that the patentee conducted business with a licensee that conducted business in the forum state was "insufficient to submit [the patentee] to personal jurisdiction in the state," and that to conclude otherwise would "subject a defendant to nationwide personal jurisdiction if it decides to do business with a company that does business nationwide.").

Finally, Autonomy's attempt to analogize this action to Akro Corp. v. Luker, 45 F.3d 1541 (Fed. Cir. 1995) is misplaced.  In that case, plaintiff Akro Corporation ("Akro") brought a declaratory judgment action in an Ohio federal district court seeking a declaration of non-infringement, invalidity and unenforceability against the patentee of a floor mat design.  Akro was an Ohio corporation based in Ohio, while the patentee resided in California.  On appeal, the Federal Circuit reversed the district court's dismissal of the action for lack of personal jurisdiction.  In finding that the patentee had purposefully directed his activities at Ohio, the court specifically focused on the fact that the patentee had initiated contact with Akro in Ohio, initially by sending a warning letter and later by engaging in by three years of negotiations, which included five additional letters threatening litigation.  Id. at 1542, 1546.  In addition, the court emphasized that the patentee had entered into an *exclusive* licensing agreement with *another Ohio corporation* regarding the same patent, which created "continuing obligations" between the patentee and the Ohio-based competitor, and eliminated any possibility of a licensing agreement with Akro.  Id. This, the court concluded, was sufficient to show that the patentee "directed activities at residents of Ohio within the meaning of the due process inquiry mandated by Burger King and International Shoe."  Id.

This case is readily distinguishable from Akro.  In Akro, the patentee's purposeful direction was established by the fact the lawsuit was preceded by several years of negotiations and six letters sent by the patentee threatening litigation, as well as the patentee's execution of an exclusive patent license agreement with another corporation

based in the forum.  Here, there was a single meeting between Autonomy and Adiscov, and no subsequent negotiations, letters or threats of litigation.  In addition, Kroll is not incorporated or based in California nor was the licensing agreement Adiscov entered into with Kroll exclusive.  Thus, the factors which the <u>Akro</u> court found compelling in terms of the patentee's continuing obligations with the forum simply are absent from this case.

## IV.    <u>CONCLUSION</u>

For the reasons set forth above,

IT IS HEREBY ORDERED THAT Adiscov's motion to dismiss for lack of personal jurisdiction is GRANTED.  Adiscov's alternative motion to transfer is DENIED as moot. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated:  June 2, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge